**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                         No. 96-4002

DONALD CLEVELAND JOHNSON,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, Chief District Judge.
(CR-95-17)

Submitted: June 19, 1997

Decided: July 3, 1997

Before WILKINS and MICHAEL, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Marshall A. Swann, Charlotte, North Carolina, for Appellant. Mark
T. Calloway, United States Attorney, Robert J. Higdon, Jr.,
Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Donald Cleveland Johnson appeals his criminal conviction for conspiracy to possess with intent to distribute cocaine base in violation
of 21 U.S.C. § 846 (1994). Finding no error, we affirm the judgment.

Johnson raises two issues on appeal. First, he argues that there was
not substantial evidence to support the jury's finding that Johnson was
guilty of conspiracy to possess with intent to distribute cocaine base.
A conviction must be affirmed if, taking the view most favorable to the government, there is substantial evidence to support it. See Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994), cert. denied, ___ U.S. ___,
63 U.S.L.W. 3563 (U.S. Jan. 23, 1995) (No. 94-7337).

The Government's evidence primarily consisted of the testimony of a co-conspirator, Anthony Stokes. Johnson argues that Stokes' testimony was incredible because his statements are uncorroborated and contradictory. Uncorroborated testimony is sufficient to secure a conviction. See United States v. Sheffer, 896 F.2d 842, 847 (1990). This
court does not weigh evidence or review credibility of witnesses in resolving issues of substantial evidence. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). The Government presented Stokes' testimony and that of three officers regarding Johnson's involvement in a conspiracy to possess with intent to distribute cocaine base. The evidence at trial showed that Stokes became acquainted with Johnson when he traveled to South Carolina with a mutual friend, Dorrell Bagley. During the visit, Stokes agreed to transport crack cocaine from New York to South Carolina for Bagley. Johnson questioned Stokes whether Bagley asked him to transport the drugs and whether Stokes would do it. Upon Stokes's return to New York, he obtained the crack cocaine for Bagley and a plane ticket and
was informed that Johnson would meet him at the airport in Charlotte,
North Carolina. When Stokes arrived at the airport in Charlotte, Johnson and Bagley met him and Johnson asked Stokes if he had "the stuff." Stokes acknowledged that he had it. Thereafter, three airport
police officers approached and arrested the men. We find that there was sufficient evidence to sustain the conviction.

Johnson also alleges district court error in permitting the Government to exercise a peremptory challenge against one of three potential black jurors. As recently discussed by this court in <u>Matthews v. Evatt</u>, 105 F.3d 907, 917 (4th Cir. 1997), when a <u>Batson</u> challenge is made, the trial court must conduct a three-part inquiry. First, the opponent of the challenge must establish a prima facie case of discrimination. <u>See Hernandez v. New York</u>, 500 U.S. 352, 358 (1991) (plurality opinion); <u>Batson v. Kentucky</u>, 476 U.S. 79, 96 (1986). Second, if a prima facie case of discrimination is made, the burden then shifts to the proponent of the challenge to come forward with a neutral explanation for the challenge. <u>See Hernandez</u>, 500 U.S. at 358-59; <u>Batson</u>, 476 U.S. at 97. The explanation need not be "persuasive, or even plausible," as long as it is race neutral. <u>See Purkett v. Elem</u>, 514 U.S. 765, 63 U.S.L.W. 3814, 3815 (U.S. May 15, 1995) (No. 94-802). In other words, unless discriminatory intent is inherent in the explanation offered to defend a peremptory challenge, "`the reason offered will be deemed race neutral.'" <u>Id.</u> (quoting <u>Hernandez</u>, 500 U.S. at 360). Third, if parts one and two are satisfied, the trial court must then decide whether the opponent of the strike has proved "purposeful racial discrimination." <u>Id.</u> at 3815. The ultimate burden of persuasion regarding racial motivation rests always with the opponent of the strike. <u>Id.</u> Because the findings of the trial court turn largely on credibility determinations, a trial court's finding of whether a strike was exercised for a racially discriminatory reason is given great deference and only overturned for clear error. <u>Hernandez</u>, 500 U.S. at 364-65; <u>Jones v. Plaster</u>, 57 F.3d 417, 421 (4th Cir. 1995).

The Government asserted that it struck the potential juror because she lived in a neighborhood known for drug trafficking activities and that during questioning she stared coldly at the prosecutor. This is an adequate, race-neutral reason for striking the juror, and Johnson does not demonstrate that the Government engaged in purposeful discrimination. <u>See Purkett</u>, 63 U.S.L.W. at 3815; <u>Hernandez</u>, 500 U.S. at 363-64. We therefore find that the court did not clearly err in allowing

the juror to be dismissed.

We dispense with oral argument because the facts and legal conten-
tions are adequately presented in the materials before the court
and
argument would not aid the decisional process.

<u>AFFIRMED</u>

4